SHELLEY v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. June 21, 1912.)

No. 246.

INTERNAL REVENUE (§ 11*)—"MANUFACTURE OF SMOKING OPIUM."

 The mere mixing of smoking opium with the residue of opium that has been smoked, and heating the same, is not a "manufacture of opium for smoking purposes" within the meaning of Internal Revenue Act Oct.

1, 1890, c. 1244, §§ 36, 37, 26 Stat. 620 (U. S. Comp. St. 1901, p. 2226), imposing a tax on smoking opium and regulating the business of its manufacture.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 29, 36–38; Dec. Dig. § 11.*

For other definitions, see Words and Phrases, vol. 5, pp. 4344–4346; vol. 8, p. 7716.]

Noyes, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against Alfred Shelley. From a judgment of conviction, defendant brings error. Reversed.

This cause comes here upon appeal from a judgment of conviction of plaintiff in error upon two indictments (which were consolidated) charging him with unlawfully manufacturing opium for smoking purposes, contrary to the provisions of sections 36 and 37 of the Act of October 1, 1890, c. 1244, 26 Stat. 620 (U. S. Comp. St. 1901, p. 2226).

R. M. Moore, for plaintiff in error.

Henry A. Wise, U. S. Atty. (John Neville Boyle, Asst. U. S. Atty., on the brief), for the United States.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. Smoking opium is produced from crude opium by a process which we held in Marks v. United States, 196 Fed. 476 (decided April 8, 1912), constituted a manufacture within the meaning of the statute. It appears that, when smoking opium has been produced, it may be smoked more than once. That is to say, the residuum left after a first smoking may be simply heated and smoked again. If to this residuum (known as yen shee) some additional smoking opium is added, each time it is reheated the process of resmoking may be continued longer. We are of the opinion that the mere mixing of smoking opium with the residue of opium that has been smoked and heating the same is not a "manufacture of opium for smoking purposes" within the meaning of the statute. The manufacture which the statute contemplates is complete when from the crude opium there has been produced the smoking opium, with which alone, as defendant contended, he operated, in its unsmoked and smoked condition.

From an examination of the record it would seem that defendant was correct in contending that he used no crude opium, although occasionally a witness in answering some question uses the word "opium," without qualifying it as "crude" or "smoking." But if there was so much doubt on this point that it should have been sent to the jury to decide the question, then we think there was error in the refusal to charge that, if the jury found that defendant only mixed smoking opium with the residue which remains after smoking, his act was not a manufacture of opium for smoking purposes within the meaning of the statute.

The judgment is reversed.

NOYES, Circuit Judge, dissents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes